```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                           MIDDLE DIVISION
```

CURTIS B. DAVIS,                  }
                                  }
    Plaintiff,                    }
                                  }       CIVIL ACTION NO.
v.                                }       04-AR-0672-M
                                  }
AMERICAN MEDICAL SECURITY,        }
INC., et al.,                     }
                                  }
    Defendants.                   }



FILED 04 MAY 18 PM 2:41 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED MAY 18 2004

## MEMORANDUM OPINION

    The above-entitled case has some intriguing twists and turns. Two defendants, American Medical Security, Inc. and United Wisconsin Life Insurance Company, whose citizenships are diverse from that of plaintiff, Curtis B. Davis ("Davis"), first removed his case from the state court nearly a year ago, invoking 28 U.S.C. §§ 1332 and 1441 as the basis for jurisdiction in this court. The court remanded the case to the Circuit Court of Etowah County, Alabama, finding that the other defendant, Donald Arnold ("Arnold"), who is an Alabama resident, is a legitimate target of Davis's complaint, despite the fact that Davis had served a person named Donald Arnold who was the wrong Arnold and that Davis had not exercised due diligence in locating and serving the correct Arnold. It was only after the state court had granted a motion filed by the wrong Arnold to dismiss that the earlier notice of removal was filed.

    Shortly before the expiration of the one year limitation



contained in 28 U.S.C. § 1446(b) for removing a case under 28 U.S.C. § 1332, the same two diverse defendants again removed the case, this time pointing out that Davis, after having had more than ample time within which to locate and serve the correct Arnold, has still failed to do so, arguably abandoning his action against Arnold, and constituting the functional equivalent of a voluntary dismissal of the action against Arnold.

This court believes in the proposition that federal courts are courts of limited jurisdiction, so that any doubt about subject-matter jurisdiction is to be resolved against a removing defendant and in favor of paramount jurisdiction in the forum court chosen by plaintiff, if that court is a court of competent jurisdiction over the controversy.  Congress simply and straightforwardly chose to close the doors of federal courts to diversity removals of those cases that have been pending in a state court for at least a year. This congressional choice was made without any express reference to whether a plaintiff, during that critical year, fails to serve a non-diverse defendant.  Of course, if an unserved non-diverse defendant were fraudulently joined *ab initio*, the case must be removed, if at all, within 30 days of initial service.

There is a countervailing principle that arguably prevents a plaintiff from avoiding a diversity removal if his failure to pursue a non-diverse defendant is deliberate and calculated.  Such a course of non-action might be described as a subterfuge or the

2

belated equivalent of a fraudulent joinder. It is Davis's lack of action that has spurred these defendants to remove again, trying to get ahead of the date upon which the one year period of 28 U.S.C. § 1446(b) would expire. The question, then, is whether Davis's tardiness in obtaining service on Arnold was a calculated move to get his case past defendants' magic one year removal opportunity, or was an excusable bit of sloppiness. The answer to this question is made no less easy by the strange fact that after this second removal, and after the filing of Davis's motion to remand, Davis filed an alias summons in this court and purported to start service by certified mail on Arnold, using a new and different address that nowhere appears in the state court papers. If this court lacks subject-matter jurisdiction, as Davis claims in his motion to remand, Davis cannot confer subject-matter jurisdiction on this court by calling upon the non-diverse defendant to answer the complaint in this court. The fact that Davis has now undertaken to serve Arnold at a newly discovered address can be interpreted two ways: (1) a confession that Davis has been so woefully derelict in not having sooner located and served Arnold as to have legitimately prompted defendants to remove within their removal deadline; or (2) that Davis seriously intends to proceed against Arnold, and has always been serious, just slow. The court chooses the later interpretation and will therefore grant Davis's motion to remand, based, however, on the expectation that Davis will effectively

3

serve Arnold with a summons and complaint **within sixty (60) days**, a reasonable expectation under these admitted procedural facts, particularly the fact that the one year limitation period for removal has already expired but for this court's recognition of a short period of equitable tolling. This somewhat contrived solution seems to the court to be a reasonable way to keep plaintiffs like Davis from manipulating jurisdiction by a misuse of 28 U.S.C. § 1446(b), while still honoring congressional intent.

DONE this 18th day of May, 2004.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE